UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MR. DONALD MACK BENNETT, *Pro Se*,

                                  Plaintiff,

- *against* -

OFFICER FALCONE #105, OFFICER BUONO OF
NEW ROCHELLE POLICE DEPT.,

                                  Defendants.

05 Civ. 1358 (KMK)(LMS)

**REPORT AND
RECOMMENDATION**

**TO:    THE HONORABLE KENNETH M. KARAS, U.S.D.J.**

Donald Mack Bennett ("Plaintiff"), proceeding pro se, filed a Complaint against Officer Falcone #105 and Officer Buono of the New Rochelle Police Department ("Defendants"), asserting claims under 42 U.S.C. §1983 for the excessive use of force and denial of medical treatment in connection with two arrests.[1] Defendants now move for summary judgment on Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Docket #'s 44-47. For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' motion for summary judgment should be granted.

---

[1] On February 2, 2005, then Chief Judge Michael B. Mukasey issued an Order of Partial Dismissal, dismissing the Complaint as to originally-named defendant Thomas Chanpalilli, and dismissing Plaintiff's claim asserting criminal charges against Defendants. See Decl. of Lalit K. Loomba, Esq. ("Loomba Decl.") Ex. J [Docket # 3].

**BACKGROUND**[2]

Plaintiff originally injured his left ankle on April 5, 2003, when he accidentally tripped and fell on a sidewalk in New Rochelle. Defendants' 56.1 Statement ¶ 14. As a result of that accident, Plaintiff had to wear a cast for approximately nine weeks. Id. ¶ 16. In his Complaint, Plaintiff alleges that his ankle was re-injured when Officer Buono intentionally stomped on it in the course of arresting Plaintiff on the evening of February 4, 2004, at a laundromat at 659 Main Street in New Rochelle. Compl. ¶¶ 1, 4; see also Aff. of Jason Buono. Plaintiff alleges that his ankle was swollen as a result, but that he was denied hospital treatment for the injury. Compl. at 4.

Officer Buono, along with another New Rochelle Police Officer, Randy Reif, reported to the laundromat at 659 Main Street on the evening of February 4, 2004, in response to a radio call from police headquarters about a disorderly person inside the laundromat. Defendants' 56.1 Statement ¶¶ 21-23. Once they arrived, the officers were told that Plaintiff was harassing customers and that he had refused to leave despite the manager's request that he do so. Id. ¶ 24. Officers Buono and Reif then requested that Plaintiff leave the laundromat, but he refused. Id. ¶ 26. They tried to escort Plaintiff out of the laundromat, but he physically resisted and verbally harassed the officers. Id. ¶ 27. Officers Buono and Reif then placed Plaintiff under arrest,

---

[2] The facts set forth in this section are taken from: (1) the Complaint; (2) the Rule 56.1 Statement Submitted by Defendants ("Defendants' 56.1 Statement"); and (3) the evidence submitted by Defendants in support of their motion, including deposition testimony. Because Plaintiff did not submit a response to Defendants' 56.1 Statement as required by Local Rule 56.1, the facts taken from Defendants' 56.1 Statement are deemed admitted. See Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998). However, for the purpose of reviewing Defendants' motion for summary judgment, the facts in this section are construed in the light most favorable to Plaintiff, the nonmoving party.

handcuffed him, and escorted him into one of the police vehicles. Id. ¶¶ 28-29. Plaintiff was driven to police headquarters and booked for disorderly conduct, a charge to which he subsequently pled guilty. Id. ¶¶ 30-31.

In addition to Officer Buono's denial that he had kicked Plaintiff in the leg, an eyewitness identified by Plaintiff, Ms. Coreth Sewell, testified at her deposition that she did not see the police officers hit or kick or abuse Plaintiff in any way. Id. ¶¶ 32-34. Ms. Sewell also stated that Plaintiff was not cooperating with the police officers and was resisting their efforts to place him in the police vehicle. Id. ¶ 35. Plaintiff never told Officer Buono that he was injured or in pain, nor did he request that Officer Buono provide or arrange for medical assistance. Id. ¶ 36.

Plaintiff additionally claims that he was subjected to the use of excessive force by Officer Falcone in connection with his arrest on September 30, 2004. Plaintiff admits that on that day he stole a beer from a delimart in New Rochelle that was owned by a Mr. Chandapilla. Id. ¶ 42. Officer Falcone, who was on duty that evening, responded to a radio call from police headquarters about a black male, walking with a cane and dressed in jeans, a black jacket, and a green hat, who had just stolen a beer from the delimart at 359 North Avenue. Id. ¶¶ 43-44. Officer Falcone arrived at the location and soon found a man who fit that description. Id. ¶ 45. He stopped the suspect and identified him as Donald Bennett, the plaintiff in this action. Id. ¶ 46. Plaintiff had a can of beer in his jacket pocket, and Officer Falcone placed him under arrest. Id. ¶¶ 47-48.

Another police officer, Timothy Grosso, arrived on the scene and told Officer Falcone that the storeowner, Mr. Chandapilla, wanted to press charges, so Officer Grosso took custody of Plaintiff and took him to police headquarters, while Officer Falcone returned to 359 North

Avenue to speak with Mr. Chandapilla. Id. ¶¶ 49-51.[3] Officer Falcone took a statement from Mr. Chandapilla and then returned to police headquarters. Id. ¶¶ 52-53. At police headquarters, Officer Falcone discussed what had transpired with the desk officer on duty, Sergeant Anthony Jones, and showed him a copy of Mr. Chandapilla's statement. Id. ¶ 54. Sergeant Jones booked Plaintiff for petit larceny, a charge to which Plaintiff pled guilty. Id. ¶¶ 55-56. Plaintiff never told Officer Falcone that he was injured or in pain, nor did he request that Officer Falcone provide or arrange for medical assistance. Id. ¶ 57.

## DISCUSSION

### I. Standard for Summary Judgment

Under Rule 56, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986).

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Local Civ. R. 56.1(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a

---

[3]As discussed in Section B.1., infra, Plaintiff both alleged in his Complaint and testified at his deposition that Officer Falcone took him back to police headquarters and that he was injured upon arrival, in the course of being removed from Officer Falcone's police car.

4

matter of law. See Anderson, 477 U.S. at 250. The inquiry performed is the threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact. Id.

Where a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56. Under Local Rule 56.1(b), the papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Local Civ. R. 56.1(b). Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323) (alteration in original). Indeed, if the party opposing summary judgment does not respond to the motion, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). However, even where the nonmoving party fails to respond to a motion for summary judgment, the court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)) (emphasis in original).

Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998); see also Anderson, 477 U.S. at 261 n.2. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (quoting H.L. Hayden Co. v. Siemans Med. Sys. Inc., 879 F.2d 1005, 1011 (2d Cir. 1989)).

## II.     Defendants' Motion for Summary Judgment

Defendants have moved for summary judgment on Plaintiff's claims against them of excessive use of force and denial of medical treatment. The Court will address the claims against each officer in turn.

### A.     Officer Buono

#### 1. Excessive use of force

Plaintiff claims that Officer Buono used excessive force in the course of arresting him for disorderly conduct on the evening of February 4, 2004. Where a claim for the excessive use of force arises in the context of an arrest, it is governed by the Fourth Amendment "reasonableness" standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). The application of the reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396 (citation omitted). "The 'reasonableness' of a

6

particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. (citation omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Furthermore, "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations omitted).

Officer Buono denies the allegation that he kicked Plaintiff in the ankle in the course of effecting his arrest. However, he maintains that even if the Court accepts such allegation as true, he is entitled to qualified immunity on Plaintiff's excessive force claim. Qualified immunity protects a government actor from liability for his conduct if it (1) "does not violate clearly established . . . constitutional rights of which a reasonable person would have known," or (2) was "objectively reasonable" for the government actor "to believe that his actions were lawful at the time of the challenged act," i.e., "if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (internal quotation marks and citations omitted). "[I]f the court determines that the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the circumstances, summary judgment for the officers is appropriate." Id. at 421.

Thus, the question here is "whether a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." Id. at 425 (internal

7

quotation marks and citation omitted).  Based on the record in this case, Officer Buono is entitled to summary judgment on Plaintiff's § 1983 excessive force claim on the ground of qualified immunity since "no rational jury could [find] that the force used was so excessive that no reasonable officer would have made the same choice."  Id.

The evidence before the Court establishes that when Officers Buono and Reif tried to take Plaintiff into custody, he physically resisted.  See Defendants' 56.1 Statement ¶¶ 27, 35.  Indeed, the non-party eyewitness identified by Plaintiff testified at her deposition that Plaintiff resisted the officers' attempts to get him into the police vehicle by lying down (presumably across the back seat), with his legs sticking out of the car door, so that they could not close the door.  Loomba Decl. Ex. I at 24.  Plaintiff provides no evidence to the contrary.  Consequently, even if one accepts Plaintiff's claim that Officer Buono intentionally kicked his ankle in the course of making the arrest, the use of such force in order to get Plaintiff into the police vehicle was, at most, a very limited intrusion on Plaintiff's Fourth Amendment rights.  It was objectively reasonable for Officer Buono to believe that such a limited use of force did not infringe Plaintiff's Fourth Amendment rights, and "no jury could find that it was objectively unreasonable for [Officer Buono] to believe that the force used to [place Plaintiff in] the car was not excessive."  Lennon, 66 F.3d at 426.

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that summary judgment should be granted on Plaintiff's claim against Officer Buono for the excessive use of force.

### 2. Denial of medical treatment

To the extent that Plaintiff asserts a § 1983 claim against Officer Buono for the unconstitutional denial of medical treatment, he provides no evidence that he in fact requested medical attention from Officer Buono. In the Second Circuit, it is well-settled that the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citations omitted). Plaintiff testified at his deposition that when he arrived at police headquarters, he was brought to the booking desk, where he answered questions, after which he "asked them, I said, I need to go to the hospital. I'm in pain." Loomba Decl. Ex. H at 71. Plaintiff further testified that in response, "[t]hey said, Ain't nothing wrong with him." Id. at 72. However, vague references to "they" do not serve to demonstrate Officer Buono's personal involvement in the decision to deny Plaintiff medical treatment.

Nonetheless, assuming arguendo that Plaintiff's deposition testimony suffices to establish Officer Buono's personal involvement in the denial of medical treatment, his claim for the denial of medical care, which is governed by the Due Process Clause of the Fourteenth Amendment, Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996), fails on the merits. "[T]he official custodian of a pretrial detainee may be found liable for violating the detainee's due process rights if the official denied treatment needed to remedy a serious medical condition and did so because of his deliberate indifference to that need." Id. (citation omitted). Factors to consider in determining whether a medical condition is serious include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of

chronic and substantial pain." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998) (internal quotation marks and citations omitted).

Here, Plaintiff provides no evidence whatsoever that he suffered from a "serious medical condition" following his arrest. Indeed, there is no medical evidence in the record regarding what, if any, injury Plaintiff suffered to his ankle during the course of his arrest by Officer Buono. Consequently, I conclude, and respectfully recommend that Your Honor should conclude, that summary judgment should be granted on Plaintiff's claim against Officer Buono for the denial of medical treatment.[4]

### B. Officer Falcone

#### 1. Excessive use of force

Plaintiff claims that Officer Falcone used excessive force after arresting him on September 30, 2004, for petit larceny, when they returned to police headquarters. Once again, his claim must be analyzed under the Fourth Amendment "reasonableness" standard set forth in Graham v. Connor, supra. See Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989) ("We think the Fourth Amendment standard probably should be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody

---

[4] It has been noted that courts within the Second Circuit are split with respect to whether a claim for the denial of medical care to an arrestee prior to arraignment should be governed by the Fourth or the Fourteenth Amendment. See, e.g., Quint v. Dunaj, 02CV2053, 2006 U.S. Dist. LEXIS 37698, at *16-*17 (D. Conn. Jan. 20, 2006). Nonetheless, were the Court to apply the Fourth Amendment objective reasonableness standard to Plaintiff's claim against Officer Buono, there is simply no objective evidence in the record that Plaintiff had any need for medical attention. Consequently, Plaintiff does not have a viable claim against Officer Buono for the denial of medical treatment on this basis either. Id., at *20 (granting summary judgment on claims for denial of medical care where "the failure to provide medical care was not objectively unreasonable"); see also Freece v. Young, 756 F. Supp. 699, 704 (W.D.N.Y. 1991) (entering directed verdict for defendant in absence of objective evidence of need for medical attention).

10

(sole or joint) of the arresting officer."). Thus, the test is one of objective reasonableness under the circumstances. See Graham, 490 U.S. at 396-97.

Officer Falcone argues that this claim should be dismissed because, while Plaintiff alleges that the injuries he suffered were at the hands of Officer Falcone when he brought Plaintiff back to the police station, see Compl. at 3, there is no evidence in the record that Officer Falcone was the one who transported Plaintiff back to police headquarters. As noted above, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, supra. In his affidavit filed in support of this motion, Officer Falcone states that Officer Grosso was the one who brought Plaintiff to police headquarters, while Officer Falcone took a statement from the storeowner, Mr. Chandapilla. Aff. of Louis Falcone ¶¶ 7-8. This version of events is corroborated by the Incident Report attached to Officer Falcone's affidavit. Nonetheless, in Plaintiff's deposition testimony, excerpts of which were submitted as part of Defendants' motion papers, he named Officer Falcone as the one who caused his injuries. See Loomba Decl. Ex. H at 111. Thus, summary judgment on the claim for excessive force cannot be granted on this ground.

However, with respect to Officer Falcone's alleged excessive use of force in removing him from the police vehicle, Plaintiff testified as follows:

> A. . . . When he pulled me out, my ankle got stuck in the back of the police car, and he call himself helping me, and then my foot is jammed and he said, Oh, man – he walked away – he said, You can get the F out man. And then I did it myself slowly and in pain I had to put my foot from underneath the police car because it's a tight squeeze back there. . . .
>
> . . .
>
> Q. I guess you were saying you reinjured your ankle?

    A. Yes.

    Q. How exactly did that happen?

    A. By being caught underneath the police car of Falcone because when he put me in, he didn't even duck my head or nothing and he just slams the door on my foot. . . .

Id. Additionally, Plaintiff testified at his deposition that after Officer Falcone walked away from the police car, he returned to see what was taking Plaintiff so long, and "then he shove me into the locker – 'cause my pain in my left ankle, and I hit my head and there was a little gash." Id. However, he further stated that the "little gash" was "nothing." Id.

    Thus, accepting Plaintiff's deposition testimony in the light most favorable to Plaintiff, it nevertheless cannot be concluded that Officer Falcone's conduct was objectively unreasonable. The only evidence about the cause of Plaintiff's injury is that it resulted from his ankle getting stuck because "it's a tight squeeze" in the back of the police vehicle, or it resulted from Officer Falcone "slam[ming] the door" on Plaintiff's foot, or both. Additionally, there is no objective evidence that would establish that Plaintiff suffered any injury. Minimal physical contact not resulting in injury does not give rise to a constitutional claim: "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396 (internal quotation marks and citation omitted).[5]

---

[5] If one were to find that the Due Process Clause of the Fourteenth Amendment applies to this claim instead, see Rodriguez v. Phillips, 66 F.3d 470, 477 (2d Cir. 1995) ("[I]n the non-seizure, non-prisoner context, the substantive due process right to be free from excessive force is alive and well."); see also Barratt v. Joie, 96 Civ. 0324, 2002 U.S. Dist. LEXIS 3453, at *26-*29 (S.D.N.Y. Mar. 4, 2002) (finding that claim for excessive use of force against plaintiff while he was in custody at police precinct house was governed by Fourteenth Amendment), the outcome would nevertheless be the same.

    The Fourteenth Amendment substantive due process standard, which protects individuals from government conduct that "shocks the conscience," Johnson v. Glick, 481 F.2d 1028, 1033

Moreover, based on this same record, Officer Falcone is entitled to qualified immunity on this claim since the force he used against Plaintiff, if any, was minimal, it was objectively reasonable for Officer Falcone to believe that such a limited use of force did not infringe Plaintiff's Fourth Amendment rights and, as with the incident involving Officer Buono, "no jury could find that it was objectively unreasonable for [Officer Falcone] to believe that the force used to [remove Plaintiff from] the car was not excessive." Lennon, 66 F.3d at 426.

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that summary judgment should be granted on Plaintiff's claim against Officer Falcone for the excessive use of force.

### 2. Denial of medical treatment

To the extent that Plaintiff asserts a § 1983 claim against Officer Falcone for the unconstitutional denial of medical treatment, there is simply no evidence in the record that

---

(2d Cir. 1973), includes an inquiry into both subjective and objective factors, such as

> the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Id.
While the alleged shove into the locker (or slamming of the car door), serving no legitimate purpose, satisfies the subjective element of the Fourteenth Amendment standard, Plaintiff fails to satisfy the objective element due to the lack of evidence of any resultant injury. Consequently, Plaintiff does not have a viable claim for the excessive use of force under the Fourteenth Amendment. See Barratt, 2002 U.S. Dist. LEXIS 3453, at *34-*35 ("If the kick by Officer Joie actually occurred, it is certainly not to be condoned. Nevertheless, this single kick, unaccompanied by any competent evidence of significant injury, is not a use of force that shocks the conscience or that can be viewed as repugnant to the conscience of mankind.") (citations omitted).

13

Plaintiff ever sought medical assistance from Officer Falcone or that he ever was denied such assistance. Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that summary judgment should be granted on this claim against Officer Falcone as well.

## CONCLUSION

For the above-stated reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' motion for summary judgment should be granted.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas and should not be made to the undersigned.

Dated: September 26, 2008
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

Copies of the foregoing Report & Recommendation have been sent to the following:

The Honorable Kenneth M. Karas

Mr. Donald Mack Bennett
c/o Hudson Legal Services
90 Maple Avenue, 2nd Floor
White Plains, New York 10603

Lalit K. Loomba, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker
3 Gannett Drive
White Plains, New York 10604